## GEORGE GUTHRIE v. STATE.

No. A-5981.    Opinion Filed Feb. 11, 1928.
(263 Pac. 1119.)

Oscar Cooper, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J.  The plaintiff in error, hereinafter called defendant, was convicted in the county court of

Creek county on a charge of giving whisky to Norman Birdsong and Fred Birdsong, and was sentenced to pay a fine of $200 and to serve 90 days in the county jail.

The record discloses that at the time charged defendant and one Roy Peoples went to the Birdsong home and procured Norman Birdsong, 24 years of age, Homer Birdsong, 21, and Fred Birdsong, 18, to furnish music at a dance to be held at the home of Audrey Peoples. The Birdsongs went to the dance, and the evidence is that defendant said to Roy Peoples, "Let's go get a quart and get things started." Peoples assented, and they left in a car, were gone an hour or more, came back, got out of the car, picked up the bottle, each took a drink and called Norman and Fred Birdsong, gave the bottle to them, and both drank out of it. The evidence is not entirely clear whether the bottle was handed to the boys by defendant or Roy Peoples.

Defendant admits the circumstances substantially as testified to by the witnesses for the state, but states that the whisky was distributed by Roy Peoples. We think it not very material whether defendant or Peoples actually passed the bottle. It has generally been held that the giving of a social drink in the home or to one's guests is not within the purview of the law. But this rule does not cover the state of facts shown here.

The principal contention argued is that the court admitted incompetent evidence. This has reference to evidence of a difficulty that arose at the dance some time after the parties had returned with the whisky. This evidence was incompetent, and, while we think it does not affect the question of either the guilt or innocence of defendant, it may have affected the punishment assessed. For this reason, justice requires that the punishment should be reduced to imprisonment in the county jail for a

period of 30 days and to a fine of $100, and, as modified, the judgment is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.